MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X

ARMANDO CRUZ LIRA, *individually and on*
*behalf of others similarly situated,*

<b>COMPLAINT</b>

*Plaintiff*,

<b>COLLECTIVE ACTION UNDER</b><br><b>29 U.S.C. § 216(b)</b>

-against-

J.S.H. RESTAURANT CORP. (D/B/A
THREE GUYS) and GEORGE ARGINOS
(A.K.A. GEORGIOS ARGIROS),

<b>ECF Case</b>

*Defendants.*

------------------------------------------------------X

Plaintiff Armando Cruz Lira ("Plaintiff Cruz" or "Mr. Cruz"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against J.S.H. Restaurant Corp. (d/b/a Three Guys), ("Defendant Corporation") and George Arginos (a.k.a. Georgios Argiros) ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

<b><u>NATURE OF ACTION</u></b>

1.    Plaintiff Cruz is a current employee of Defendants J.S.H. Restaurant Corp. (d/b/a Three Guys) and George Arginos (a.k.a. Georgios Argiros).

2.    Defendants own, operate, or control an American Restaurant, located at 1232 Madison Avenue, New York, New York 10028 under the name "Three Guys".

3.      Upon information and belief, individual Defendant George Arginos (a.k.a. Georgios Argiros), serves or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Cruz has been an employee of Defendants.

5.      Plaintiff Cruz has been employed as a dishwasher, delivery worker and cook helper at the restaurant located at 1232 Madison Avenue, New York, New York 10028.

6.      At all times relevant to this Complaint, Plaintiff Cruz has worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he has worked.

7.      Rather, Defendants have failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Cruz appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants have failed to pay Plaintiff Cruz the required "spread of hours" pay for any day in which he has had to work over 10 hours a day.

9.      Furthermore, Defendants have repeatedly failed to pay Plaintiff Cruz wages on a timely basis.

10.     Defendants' conduct has extended beyond Plaintiff Cruz to all other similarly situated employees.

11.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiff Cruz and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

12.    Plaintiff Cruz now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

13.    Plaintiff Cruz seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

14.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Cruz's state law claims under 28 U.S.C. § 1367(a).

15.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an American Restaurant located in this district. Further, Plaintiff Cruz has been employed by Defendants in this district.

## PARTIES

*Plaintiff*

16.    Plaintiff Armando Cruz Lira ("Plaintiff Cruz" or "Mr. Cruz") is an adult individual residing in Bronx County, New York.

17.    Plaintiff Cruz has been employed by Defendants at Three Guys from approximately 2005 until the present date.

18.    Plaintiff Cruz consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

19.    At all relevant times, Defendants have owned, operated, or controlled an American Restaurant, located at 1232 Madison Avenue, New York, New York 10028 under the name "Three Guys".

20.    Upon information and belief, J.S.H. Restaurant Corp. (d/b/a Three Guys) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1232 Madison Avenue, New York, New York 10028.

21.    Defendant George Arginos (a.k.a. Georgios Argiros) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant George Arginos (a.k.a. Georgios Argiros) is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant George Arginos (a.k.a. Georgios Argiros) possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Cruz, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22.    Defendants operate an American Restaurant located in the Carnegie Hill section of Manhattan in New York City.

23.    Individual Defendant, George Arginos (a.k.a. Georgios Argiros), possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

24.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.    Each Defendant possesses substantial control over Plaintiff Cruz's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Cruz, and all similarly situated individuals, referred to herein.

26.    Defendants jointly employ Plaintiff Cruz (and all similarly situated employees) and are Plaintiff Cruz's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27.    In the alternative, Defendants constitute a single employer of Plaintiff Cruz and/or similarly situated individuals.

28.    Upon information and belief, Individual Defendant George Arginos (a.k.a. Georgios Argiros) operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

      a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

    e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

    f) intermingling assets and debts of his own with Defendant Corporation,

    g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

    h) Other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants have been Plaintiff Cruz's employers within the meaning of the FLSA and New York Labor Law. Defendants have had the power to hire and fire Plaintiff Cruz, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiff Cruz's services.

30. In each year from, 2012 to 2018, Defendants have, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32.    Plaintiff Cruz is a current employee of Defendants who has been employed as a dishwasher, delivery worker and cook helper.

33.    Plaintiff Cruz seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Armando Cruz Lira*

34.    Plaintiff Cruz has been employed by Defendants from approximately 2005 until the present date.

35.    Defendants have employed Plaintiff Cruz as a dishwasher, delivery worker and cook helper.

36.    Plaintiff Cruz has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

37.    Plaintiff Cruz's work duties have required neither discretion nor independent judgment.

38.    Throughout his employment with Defendants, Plaintiff Cruz has regularly worked in excess of 40 hours per week.

39.    From approximately March 2012 until on or about January 2014, Plaintiff Cruz worked as a dishwasher and a delivery worker from approximately 12:00 p.m. until on or about 10:30 p.m., 6 days a week (typically 63 hours per week).

40.    From approximately January 2014 until on or about July 2016, Plaintiff Cruz worked as a dishwasher, delivery worker and cook helper from approximately 12:00 p.m. until on or about 10:30 p.m., 3 days and from approximately 11:00 a.m. until on or about 10:30 p.m., 3 days a week (typically 66 hours per week).

41.    From approximately July 2016 until on or about November 2017, Plaintiff Cruz worked as a dishwasher, delivery worker and cook helper from approximately 12:00 p.m. until on or about 10:30 p.m., three days, from approximately 11:00 a.m. until on or about 10:30 p.m., two days, and from approximately 7:00 a.m. until on or about 10:30 p.m., one day (typically 70 hours per week).

42.    From approximately November 2017 until the present date, Plaintiff Cruz has worked as a dishwasher, delivery worker and cook helper from approximately 12:00 p.m. until on or about 10:00 p.m., two days, from approximately 11:00 a.m. until on or about 10:00 p.m., two days, and from approximately 7:00 a.m. until on or about 10:00 p.m., one day (typically 57 hours per week).

43.    Throughout his employment, Defendants have paid Plaintiff Cruz his wages in a combination of check and cash.

44.    From approximately March 5, 2012 until on or about January 2014, Defendants paid Plaintiff Cruz a fixed salary of $40 per day.

45.    From approximately January 2014 until on or about July 2016, Defendants paid Plaintiff Cruz a fixed salary of $40 per day three days a week and $70 per day the other three days per week that he worked as a cook.

46.    From approximately July 2016 until on or about November 2017, Defendants paid Plaintiff Cruz a fixed salary of $70 per day for three days, $100 per day for two days a week that he worked as a cook and $170 per day one day a week.

47.    From approximately November 2017 until the present date, Defendants have paid Plaintiff Cruz a fixed salary of $70 per day for two days a week, $100 per day for two days that he works as a cook and $170 per day one day a week. .

48.    Plaintiff Cruz's pay never varied even when he was required to stay later or work a longer day than his usual schedule.

49.    For example, prior to November 2017 Defendants required Plaintiff Cruz to work an additional 30 minutes past his scheduled departure time every day, and did not pay him for the additional time he worked.

50.    Defendants have never granted Plaintiff Cruz any breaks or meal periods of any kind.

51.    Nevertheless, Defendants have deducted $16 from Plaintiff Cruz's weekly paycheck for meals he has never eaten.

52.    Plaintiff Cruz has not been required to keep track of his time, nor to his knowledge, have the Defendants utilize any time tracking device such as punch cards, that accurately reflect his actual hours worked.

53.    No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Cruz regarding overtime and wages under the FLSA and NYLL.

54.    Defendants have never provided Plaintiff Cruz an accurate statement of wages, as required by NYLL 195(3).

55.    In fact, Defendants have adjusted Plaintiff Cruz's paystubs so that they have reflected inaccurate wages and hours worked.

56.    Defendants have never given any notice to Plaintiff Cruz, in English and in Spanish (Plaintiff Cruz's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

57.    Defendants have required Plaintiff Cruz to purchase "tools of the trade" with his own funds—including 4 pairs of boots per year and 5 pants per year.

*Defendants' General Employment Practices*

58. At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiff Cruz (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

59. Plaintiff Cruz has been a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he has been owed for the hours he has worked.

60. Defendants' pay practices have resulted in Plaintiff Cruz not receiving payment for all his hours worked, and resulting in Plaintiff Cruz's effective rate of pay falling below the required minimum wage rate.

61. Defendants have habitually required Plaintiff Cruz to work additional hours beyond his regular shifts but have not provided him with any additional compensation.

62. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

63. Defendants' time keeping system has not reflected the actual hours that Plaintiff Cruz has worked.

64. Plaintiff Cruz has been paid his wages in a combination of check and cash.

65. Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

66.    Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiff Cruz (and similarly situated individuals) have worked, and to avoid paying Plaintiff Cruz properly for his full hours worked.

67.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

68.    Defendants' unlawful conduct is intentional, willful, in bad faith, and have caused significant damages to Plaintiff Cruz and other similarly situated workers.

69.    Defendants have failed to provide Plaintiff  Cruz and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

70.    Defendants have failed to provide Plaintiff Cruz and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a

mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

71.    Plaintiff Cruz brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

72.    At all relevant times, Plaintiff Cruz and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

73.    The claims of Plaintiff Cruz stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

74.    Plaintiff Cruz repeats and realleges all paragraphs above as though fully set forth herein.

75.    At all times relevant to this action, Defendants have been Plaintiff Cruz's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiff Cruz (and the FLSA Class Members), controlled the terms and

conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

76.    At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

77.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

78.    Defendants failed to pay Plaintiff Cruz (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

79.    Defendants' failure to pay Plaintiff Cruz (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

80.    Plaintiff Cruz (and the FLSA Class members) have been damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

81.    Plaintiff Cruz repeats and realleges all paragraphs above as though fully set forth herein.

82.    Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiff Cruz (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

83.    Defendants' failure to pay Plaintiff Cruz (and the FLSA Class members), overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

84.    Plaintiff Cruz (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

85.   Plaintiff Cruz repeats and realleges all paragraphs above as though fully set forth herein.

86.   At all times relevant to this action, Defendants have been Plaintiff Cruz's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants have had the power to hire and fire Plaintiff Cruz, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

87.   Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiff Cruz less than the minimum wage.

88.   Defendants' failure to pay Plaintiff Cruz the minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

89.   Plaintiff Cruz has been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

90.   Plaintiff Cruz repeats and realleges all paragraphs above as though fully set forth herein.

91.   Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiff Cruz  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

92.    Defendants' failure to pay Plaintiff Cruz overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

93.    Plaintiff Cruz has been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

94.    Plaintiff Cruz repeats and realleges all paragraphs above as though fully set forth herein.

95.    Defendants have failed to pay Plaintiff Cruz one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Cruz's spread of hours has exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

96.    Defendants' failure to pay Plaintiff Cruz an additional hour's pay for each day Plaintiff Cruz's spread of hours exceeded ten hours is willful within the meaning of NYLL § 663.

97.    Plaintiff Cruz has been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

98.    Plaintiff Cruz repeats and realleges all paragraphs above as though fully set forth herein.

99.    Defendants have failed to provide Plaintiff Cruz with a written notice, in English and in Spanish (Plaintiff Cruz's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the

regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

100.  Defendants are liable to Plaintiff Cruz in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

101.  Plaintiff Cruz repeats and realleges all paragraphs above as though fully set forth herein.

102.  With each payment of wages, Defendants have failed to provide Plaintiff Cruz with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

103.  Defendants are liable to Plaintiff Cruz in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

104.  Plaintiff Cruz repeats and realleges all paragraphs above as though fully set forth herein.

105.  Defendants have required Plaintiff Cruz to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

106.  Plaintiff Cruz has been damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

### OF THE NEW YORK LABOR LAW

107.  Plaintiff Cruz repeats and realleges all paragraphs above as though fully set forth herein.

108.  At all relevant times, Defendants have been Plaintiff Cruz's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

109.  Defendants have made unlawful deductions from wages of Plaintiff Cruz (and the FLSA class) including, but not limited to, deductions for meal breaks Plaintiff Cruz was not permitted to and did not take.

110.  The deductions made from wages of Plaintiff Cruz's and the members of the FLSA class were not authorized or required by law.

111.  Through their knowing and intentional efforts to take unauthorized deductions from the wages of Plaintiff Cruz's and the members of the FLSA class, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

112.  Plaintiff Cruz has been damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

113.   Plaintiff Cruz repeats and realleges all paragraphs above as though set forth fully herein.

114.   Defendants have not paid Plaintiff Cruz on a regular weekly basis, in violation of NYLL §191.

115.   Defendants are liable to Plaintiff Cruz in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cruz respectfully requests that this Court enter judgment against Defendants by:

(a)      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Cruz and the FLSA Class members;

(c)      Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Cruz and the FLSA Class members;

(d)      Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Cruz's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiff Cruz and the FLSA Class members;

(f)     Awarding Plaintiff Cruz and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Cruz and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Cruz;

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Cruz;

(j)     Declaring that Defendants have violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Cruz;

(k)     Declaring that Defendants have violated the timely payment provisions of the NYLL as to Plaintiff Cruz;

(l)     Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Cruz's compensation, hours, wages and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Cruz;

(n)     Awarding Plaintiff Cruz damages for the amount of unpaid minimum wage and

overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)    Awarding Plaintiff Cruz damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)    Awarding Plaintiff Cruz liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)    Awarding Plaintiff Cruz and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)    Awarding Plaintiff Cruz and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Cruz demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       March 8, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    /s/ Michael Faillace
       Michael Faillace [MF-8436]
       60 East 42nd Street, Suite 4510

New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

———————

Faillace@employmentcompliance.com

March 5, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:          Armando Cruz Lira

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:          5 de Marzo 2018

*Certified as a minority-owned business in the State of New York*