# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between Armando Cruz Lira, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators (hereinafter "Plaintiff"), on the one hand, and J.S.H. Restaurant Corp. (d/b/a Three Guys) (corporate defendant hereinafter referred to as, the "Company"), and George Arginos (a.k.a. Georgios Argiros) (corporate and individual defendant hereinafter collectively referred to as, the "Defendants"), on the other hand.

**WHEREAS,** Plaintiff alleges that he worked for Defendants as an employee;

**WHEREAS,** on or about March 8, 2018, Plaintiff commenced an action against the Defendants in the United States District Court for the Southern District of New York, Civil Action Case No. 18-CV-02086 (ALC), alleging, among other things, that the Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay minimum and overtime wages and provide statutory notices (the "Complaint" or the "Action");

**WHEREAS,** Defendants deny all allegations of wrongdoing made by Plaintiff and a Court has not made any findings with respect to the merits of Plaintiff's claims;

**WHEREAS,** Defendants and the Plaintiff (collectively referred to as the "Parties") desire to resolve and settle all matters and potential matters between them in an amicable manner without the expense and aggravation of continued litigation; and

**NOW, THEREFORE,** with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1. <u>Consideration</u>: In full settlement and final satisfaction of any and all FLSA and NYLL wage-and-hour claims that Plaintiff had, has or may have against the Defendants, including, but not limited to the claims raised in the Action, and in consideration for the agreements and obligations set forth herein, including but not limited to the release by Plaintiff set forth in Paragraph 3, the Company shall pay the Plaintiff and his counsel the total sum of SIXTY EIGHT THOUSAND DOLLARS AND ZERO CENTS ($68,000.00) (hereinafter, the "Settlement Amount") made payable as follows:

<u>Armando Cruz Lira</u>

(a) Defendants will issue a check made payable to "Armando Cruz Lira" in the amount of fourteen thousand nine hundred and sixty dollars and zero cents ($14,960.00), less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid minimum wage and other wages under the FLSA and NYLL. The Company shall issue Plaintiff Armando Cruz Lira an IRS Form W-2 with respect to this payment.

(b) Defendants will issue a check made payable to "Armando Cruz Lira" in the amount of thirty thousand six hundred dollars and zero cents ($30,600.00), representing payment

for alleged liquidated damages and penalties under the FLSA and NYLL. The Company shall issue Plaintiff Armando Cruz Lira an IRS Form 1099-MISC with respect to this payment.

<u>Michael Faillace & Associates, P.C.</u>

(c) Defendants will issue a check made payable to "Michael Faillace & Associates, P.C." in the amount of twenty-two thousand four hundred and forty dollars and zero cents ($22,440.00) representing payment for Plaintiff's attorneys' fees, costs and expenses incurred in this matter, whether those fees and costs were incurred by Michael Faillace & Associates, P.C., and/or any other law firm or attorney. The Company shall issue Michael Faillace & Associates, P.C. an IRS Form 1099-MISC with respect to this payment.

(d) Pursuant to Paragraph 7 below, upon execution of this Agreement, the Parties agree to immediately execute the "Joint Stipulation for Dismissal with Prejudice," in the form annexed hereto as **Exhibit B**, which will be filed with the Court along with the Joint Motion for Approval of the Settlement Agreement. All payments set forth above shall be delivered to Plaintiffs' counsel, Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, NY 10165.

(e) The settlement payments in this Paragraph 1 will be delivered within twenty-one (21) days of Court approval of this settlement agreement and judicial dismissal of the Action with prejudice (pursuant to Paragraph 7 of this Agreement). As a condition of any settlement payment, Defendants have received an executed W-9 Form from Michael Faillace & Associates, P.C. and completed W-4 and W-9 Forms from Plaintiff Armando Cruz Lira.

(f) In the event of a breach of this Agreement by Defendants for Plaintiff's failure to receive the payments as set forth in Paragraphs 1a through 1c and in conformity with paragraph 1e, Plaintiff, by his attorneys, shall send written notice of such breach by e-mail and first-class mail to Defendants' counsel, Littler Mendelson, P.C., 900 Third Avenue, 7th Floor, New York, New York 10022, Attn: Emily Clara Haigh, Esq. Upon notice of such breach, Defendants shall have ten (10) business days to cure such breach. If such breach is not cured within ten (10) business days, Plaintiff shall be permitted to file the confession of judgment with the New York County Clerk and/or in a Court of competent jurisdiction in the amount of $68,000.00, and attorneys' fees and interest, less amounts previously paid by Defendants pursuant to this Agreement.

2. **<u>Full Payment</u>**: Plaintiff agrees and affirms that the payments described in Paragraph 1 above shall constitute the entire amount of monetary consideration provided to Plaintiff and Plaintiff's legal counsel. This amount shall include compensation for alleged damages to Plaintiff and for any and all harm which he may have suffered because of any acts or omissions of the Defendants as alleged in the Action or relating to any wage-and-hour claims, including for claims for unpaid wages or overtime pay under state and federal law or common law. Plaintiff agrees that these payments are inclusive of any claim for attorney's fees, costs, interest and/or other expenses.

3. Concurrently with the execution of this Agreement, Defendant George Arginos (a.k.a. Georgios Argiros), on behalf of himself and on behalf of Defendant J.S.H. Restaurant

Corp. (d/b/a Three Guys), shall execute and deliver to Plaintiff's counsel a confession of judgment ("Confession of Judgement") in the form annexed hereto as **Exhibit A.**

The Parties hereby acknowledge and agree that the Confession of Judgment will be held in escrow by Plaintiff's counsel and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the payments as set forth above, i.e., one of the checks is not delivered to Plaintiff's counsel and/or one of the checks fails to clear, and (ii) Defendants fail to cure such default as provided in paragraph 1f.

4. **Release of Wage and Hour Claims by Plaintiff:** In exchange for the payments identified in Paragraph 1 and in exchange for the other considerations supporting this Agreement, Plaintiff, on his own behalf and on behalf of his descendants, dependents, heirs, executors, administrators, and assigns, fully, finally and forever agree unconditionally to release and discharge the Defendants and any and all related or affiliated businesses or business entities, their shareholders, executives, managers, officers, agents, directors, supervisors, employees, representatives (including George Arginos (a.k.a. Georgios Argiros)), and all persons acting in concert with them (collectively, the "Releasees"), from all causes of action arising under the Fair Labor Standards Act, the New York Labor Laws, and/or any federal, state or local wage statute, code, or ordinance concerning wage and hour matters, from the beginning of time through the date of this Agreement.

This release of wage and hour claims includes, but is not limited to, all claims for unpaid minimum wages, overtime, commissions, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expenses, reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment with the Company and any other compensation or wages, liquidated damages, compensatory damages, punitive damages, penalties, attorneys' fees, interests and/or costs related to the claims filed in this Action. This release is limited only to wage and hour claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any claims that may occur after Plaintiff's execution date.

5. **Covenant Not to Sue**: Plaintiff agrees not to file a lawsuit or commence any other legal proceeding against the Releasees concerning any matter released in this Agreement. If Plaintiff breaches the provision of this Paragraph, Defendants will be entitled to seek recovery of their costs, including their reasonable attorney's fees, relating to the Defendants' enforcement of this Agreement and/or defense of such claims.

6. **Claims Excluded from the Agreement**: Plaintiff's release of claims set forth in Paragraph 3 of this Agreement shall not prevent Plaintiff from filing a charge or participating in any investigation or proceeding conducted by the United States Equal Employment Opportunity Commission, National Labor Relations Board or any other governmental agency charged with enforcement of any law. Plaintiff, however, further agrees and understands that he has waived any right to recover monetary damages or other relief personal to Plaintiff in any such charge, complaint or lawsuit filed by them or on their behalf in any way relating to any released claims.

7. **Submission to Court for Approval and Purposes of Dismissing the Action With Prejudice:**

The Parties intend for the Plaintiff to waive any and all claims related to his wages or compensation he may have against the Defendants, including claims under the FLSA, and therefore desire that this Agreement be approved by the United States District Court. Accordingly, the Parties agree to file a Joint Motion for Approval of the Settlement Agreement after full execution of this Agreement.

Upon execution of this Agreement, the Parties agree to immediately execute the "Joint Stipulation for Dismissal with Prejudice," in the form annexed hereto as **Exhibit B,** which will be filed with the Court along with the Joint Motion for Approval of the Settlement Agreement.

Court approval and dismissal of this action is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve this Agreement and enter the Parties' Joint Stipulation for Dismissal with Prejudice renders this Agreement null and void and no payments shall be made pursuant to Paragraph 1 of the Agreement and any and all payment already made shall be reimbursed from Plaintiff to Defendants.

8. **Taxes and Withholding**: Plaintiff expressly acknowledges and agrees that he is responsible for the payment of all federal, state, and local taxes, if any, which are required by law to be paid by him with respect to the above payments in Paragraph 1. If any taxing body determines that the tax treatment was incorrect and that greater amounts should have been withheld from any payment above in Paragraph 1, Plaintiff acknowledges and assumes all responsibility for paying those amounts and further agrees to indemnify and hold the Defendants harmless for payment of any additional taxes and any interest and penalties thereon.

9. **No Admission of Liability**: Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by any Defendant under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiff has asserted, could have asserted or may assert in connection with Plaintiff's employment. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

10. **Bona Fide Dispute**: After consultation with their counsel, and in consideration of all the facts and circumstances surrounding his employment with the Company, Plaintiff agrees this Agreement is a settlement of disputed claims. The Parties agree that there are *bona fide* disputes as to whether Plaintiff could prevail on the merits of his claims, and that the amounts being paid to Plaintiff, as set forth in Paragraph 1, are a fair and reasonable resolution to these *bona fide* disputes. Plaintiff stipulates and agrees that the terms of this Agreement represent a reasonable compromise of *bona fide* disputes regarding his entitlement to statutory wages, including minimum wage compensation, overtime compensation, liquidated damages, penalties, and any other relief under the FLSA and NYLL.

11. **Mutual Non-Disparagement**: Plaintiff agrees that he will not make, or cause to be made, any derogatory, disparaging, defamatory or untruthful statements about the

Defendants, their family members, or any of the Releasees (as defined in Paragraph "3" above), whether by electronic, written or oral means, to any of Defendants' past, present or future customers, competitors, employees, or to any other person (including, but not limited to, their employers, the press or other media). The language of this Paragraph 10 shall not prohibit Plaintiff from making truthful statements about his experiences litigating this case.

George Arginos (a.k.a. Georgios Argiros) agrees that he will not make, or cause to be made, any derogatory, disparaging, defamatory or untruthful statements about the Plaintiff, whether by electronic, written or oral means, to any of Plaintiff's employers, known potential employers, or to any other person (including, but not limited to, the press or other media). The language of this Paragraph 10 shall not prohibit this individual defendant from making truthful statements about his experiences litigating this case.

12. <u>Changes to the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by all of the Parties or their designees.

13. <u>No Other Complaints or Charges:</u> Plaintiff hereby represents that other than the Action, he has no pending actions, administrative charges or complaints, grievances or arbitrations involving any of the released claims against any of the Releasees and has caused no actions to be filed against any of the Releasees. Moreover, Plaintiff is currently unaware of any other claims other than those alleged in this lawsuit relating to his employment with the Company.



15. <u>Severability</u>: The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

16. <u>Governing Law</u>: This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regards to conflict of laws principles.

17. <u>Jurisdiction</u>: The Parties expressly agree that the United States District Court for the Southern District of New York ("SDNY") shall retain sole and exclusive jurisdiction over any action or proceeding to enforce or otherwise arising out of this Agreement. By execution of this Agreement, each Party irrevocably and unconditionally: (i) submits to the

jurisdiction (both subject matter and personal) of the SDNY in any action or proceeding a Party hereto reasonably commences for the purpose of enforcing this Agreement; (ii) waives any objection they may now or hereafter have to venue of legal proceedings arising out of this Agreement brought in the SDNY; and (iii) waives any claim that any action or proceeding arising out of this Agreement brought in the SDNY has been brought in an inconvenient forum.

18. Assignment of Claims: Plaintiff hereby represents and warrants that he has not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

19. Voluntary Agreement: Plaintiff represents and agrees that:

(a) He is not suffering from any impairment that would render him incapable of reading, considering and understanding the terms of this Agreement, and is fully able to read, consider and understand the terms of this Agreement, all of which have been explained to him;

(b) He has signed this Agreement freely and voluntarily and without duress;

(c) No promise or representation of any kind or character, other than those contained in this Agreement, have been made by any of the Releasees or anyone acting on their behalf to induce Plaintiff to enter into this Agreement;

(d) He was advised and hereby is advised to consider carefully the terms of this Agreement and consult with legal counsel prior to executing it, and has had a reasonable period of time in which to consider the terms of this Agreement before executing it.

20. Full and Complete Agreement: This Agreement constitutes the full and complete agreement between the Parties, and fully supersedes any and all prior agreements, commitments or understandings between the parties, pertaining to the subject matter hereof.

21. Waiver: No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived. Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein. The waiver of any breach of any provision of this Agreement by any Party shall not be deemed a waiver of any subsequent or prior breach.

22. Fair Meaning: The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

23. Counterparts: This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it, and all of which taken together shall constitute one and the same document. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

24. Headings: The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

25. Facsimile/Email: An executed facsimile or email copy of this Agreement will have the same force and effect as the original.

26. Notices: All notices or communications under this Agreement shall be delivered by hand, registered mail, certified mail (return receipt requested), or overnight mail to the address of Defendants' Counsel or Plaintiffs' Counsel, respectively, as follows:

Defendants' Counsel:

Emily Clara Haigh, Esq.
Theo E. M. Gould, Esq.
Littler Mendelson, P.C.
900 Third Avenue
7th Floor
New York, New York 10022
ehaigh@littler.com
tgould@littler.com

Plaintiff's Counsel:

Haleigh R. Amant, Esq.
Michael Faillace & Associates, P.C.
One Grand Central Place
60 East 42nd Street, Suite 4510
New York, NY 10165
hamant@faillacelaw.com

Either Party may give notice of change of address in writing as set forth in this Paragraph. If registered or certified mail is used, actual delivery will be deemed to be the date set forth in the official U.S. Postal Service date stamp on the registered or certified mail receipt.

27. Authority to Execute Agreement: The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

**BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND IS VOLUNTARILY ENTERING INTO OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFF IS ADVISED TO SPEAK WITH HIS ATTORNEY BEFORE SIGNING THIS AGREEMENT.**

**AGREED:**

**ARMANDO CRUZ LIRA**

By:______________________

Dated: 7/30/2018

**J.S.H. RESTAURANT CORP. D/B/A THREE GUYS**

By:______________________

Dated: 7/26/2018

**GEORGE ARGINOS, *also known as* GEORGIOS ARGIROS**

By:______________________

Dated: 7/26/2018

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

---

ARMANDO CRUZ LIRA, *individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

J.S.H. RESTAURANT CORP. (D/B/A THREE GUYS) and GEORGE ARGINOS (A.K.A. GEORGIOS ARGIROS),

*Defendants.*

---

Index No.:

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK )
: ss.:
COUNTY OF New York )

I, GEORGE ARGINOS (a.k.a. GEORGIOS ARGIROS), being duly sworn, deposes and says:

1. I reside in NEW YORK NEW YORK

2. I am a Manager Member of J.S.H. RESTAURANT CORP. (d/b/a THREE GUYS) I am duly authorized to make this affidavit of confession of judgment on behalf of J.S.H. RESTAURANT CORP. (d/b/a THREE GUYS).

3. J.S.H. RESTAURANT CORP. (d/b/a THREE GUYS) maintains its principal place of business in N.Y. County at N.Y. New York _____.

4. Pursuant to the terms of the Settlement Agreement and Release by and between Armando Cruz Lira ("Plaintiff") on the one hand, J.S.H. RESTAURANT CORP. (d/b/a THREE GUYS) and George Arginos (a.k.a. Georgios Argiros) (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against myself, George Arginos (a.k.a. Georgios Argiros), and J.S.H. RESTAURANT CORP. (d/b/a THREE GUYS) in favor of Plaintiff for the sum of Sixty-

Eight Thousand Dollars ($68,000).

5. This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $68,000 to Plaintiff.

6. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, as a judgment for Sixty-Eight Thousand dollars ($68,000) (less any amounts already paid to Plaintiff pursuant to the above schedule), jointly and severally against me, George Arginos (a.k.a. Georgios Argiros), and J.S.H. RESTAURANT CORP. (d/b/a THREE GUYS).

J.S.H. RESTAURANT CORP. (d/b/a THREE GUYS)

By [signature]
GEORGE ARGINOS (a.k.a. GEORGIOS ARGIROS)
Title: President/Managing Member

STATE OF New York )
: ss.:
COUNTY OF New York )

On July 26, 2018, before me personally came Georgios Argiros, to me known, who, by me duly sworn, did depose and say that deponent resides at New York County, New York that deponent is the President/Managing Member of J.S.H. RESTAURANT CORP. (d/b/a THREE GUYS), the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of J.S.H. RESTAURANT CORP. (d/b/a THREE GUYS) and was authorized to do so.

[signature]
Notary Public

**Ian Robert Brown**
**Notary Public, State of New York**
**01BR6347445**
**Qualified In New York County**
**Commission Expires 09/06/2020**

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARMANDO CRUZ LIRA, *individually and on behalf of others similarly situated,*

Plaintiff,

-against-

J.S.H. RESTAURANT CORP. (D/B/A THREE GUYS) AND GEORGE ARGINOS (A.K.A. GEORGIOS ARGIROS),

Defendants.

Civil Case No.: 18-CV-02086 (ALC)

**JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE**

**IT IS HEREBY STIPULATED AND AGREED,** by and between the Parties in the above captioned action through their undersigned counsel that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice, with each party to bear their own fees and costs.

Dated: July 30, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: Haleigh R. Amant, Esq.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
hamant@faillacelaw.com

*Attorneys for Plaintiffs*

Dated: July 26, 2018

LITTLER MENDELSON, P.C.

By: Emily Clara Haigh, Esq.
Theo E.M. Gould, Esq.
900 Third Avenue
8th Floor
New York, New York 10022
(212) 497-8483
ehaigh@littler.com
tgould@littler.com

*Attorneys for Defendants*

SO ORDERED:

______________________________

Hon. Andrew L. Carter, Jr., United States District Judge